FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 02 2005

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**SARAH COX**                                                                             **PLAINTIFF**

V.               CASE NO. <u>4-05 CV00001254</u>

**THE UNIVERSITY OF ARKANSAS**; a subordinate entity of the       **DEFENDANTS**
    State of Arkansas;
**B. ALAN SUGG**, President of the University of Arkansas,
    in his official and individual capacities;
**JOHN A. WHITE**, Chancellor of the University of Arkansas,
    in his official and individual capacities;
**MARK COVY**, Professor of the University of Arkansas,
    in his official and individual capacities; and various
**JOHN DOES** of the University of Arkansas, policy makers, supervisors,
    employees, and/or agents, in their official and individual capacities.

This case assigned to District Judge Wilson
and to Magistrate Judge Young

## COMPLAINT

COMES NOW the Plaintiff, Sarah Cox (hereinafter "Cox"), by and through her attorney, Robert L. Depper, and presents her Complaint against the Defendants. In support of her Complaint, Cox states:

### I. INTRODUCTION

1. This cause of action is a civil suit brought by Cox against the Defendants for violations of her Federal and State civil, statutory, and constitutional rights concerning, inter alia, sexual harassment, sexual discrimination, discrimination in education, and various torts. Cox seeks legal and equitable relief.

2. This cause of action is brought pursuant to, inter alia, 42 U.S.C. §§ 1983, 1985, 1988; the First, Ninth, and Fourteenth (Equal Protection and Due Process) Amendments to the United States Constitution and Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-86.

3. Further, this cause of action is brought pursuant to Ark. Code Ann. §§ 16-123-105, 106, and 107 and Ark. Const. art. II, §§ 3, 8, 13, 18, 21, and 29. Cox also brings State tort claims of battery, outrage, and sexual abuse and also brings a claim for violation of fiduciary duty.

## II. JURISDICTION & VENUE

4. This matter raises issues of a Federal question, thus this Court has subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1343 and 20 U.S.C. §§ 1687-88.

5. As the Defendants in this matter reside in the State of Arkansas, this Court has personal jurisdiction over the parties.

6. Venue is proper in this Court, as at least one defendant resides in the jurisdiction of this Court, pursuant to 28 U.S.C. § 1391.

7. Under the doctrine of pendant jurisdiction, this Court has jurisdiction over Cox's State causes of action.

## III. PARTIES

8. At all relevant times, Cox was an individual, a student at the University of Arkansas in Fayetteville, Arkansas, and resident of Fayetteville, Arkansas.

9. At all relevant times, the Defendant, University of Arkansas, was and is a subordinate entity of the State of Arkansas, with primary offices in Little Rock, Arkansas. Upon information and belief, the University of Arkansas is a recipient of federal funds under Title IX.

10. At all relevant times, the Defendant, B. Alan Sugg, was and is the President of the University of Arkansas, with his primary offices in Little Rock, Arkansas. He was and is ultimately responsible for the overall administration, supervision, and/or control of the

University of Arkansas. He is sued in his official and individual capacities. His acts and/or omissions amounted to deliberate indifference and also constituted negligence and/or were intentional.

11.     At all relevant times, the Defendant, John White, was and is the Chancellor of the University of Arkansas at Fayetteville, Arkansas, with his primary office in Fayetteville, Arkansas. He was and is ultimately responsible for the overall administration, supervision, and/or control of the University of Arkansas at Fayetteville. He is sued in his official and individual capacities. His acts and/or omissions amounted to deliberate indifference and also constituted negligence and/or were intentional.

12. At all relevant times, the Defendant, Mark Cory (hereinafter "Cory"), was and is a professor of the University of Arkansas at Fayetteville, with his primary office in Fayetteville, Arkansas. He was and is ultimately responsible for the instruction, teaching, advising, supervision, administration, and/or control of students at the University of Arkansas in Fayetteville, to include Cox. His acts and/or omissions amounted to deliberate indifference and also constituted negligence and/or were intentional.

13.     At all relevant times, the Defendants, John Does, were and are policy makers, supervisors, employees, and/or agents of the University of Arkansas, having various degrees of responsibility and/or control over the acts and/or omissions that resulted in the violations of Cox's Federal and/or State civil, statutory, and/or constitutional rights. They are sued in their official and individual capacities. Their acts and/or omissions amounted to deliberate indifference and also constituted negligence and/or were intentional. Cox alleges that, after a reasonable opportunity for discovery, their identifications should be revealed.

## IV. FACTUAL ALLEGATIONS

14. Cox was admitted to the University of Arkansas at Fayetteville and began attending in the Fall, 2000. The University of Arkansas and its officers and employees had a fiduciary duty to Cox, that included protecting her from sexual harassment and sexual discrimination.

15. During the Fall, 2000, Cox had a class with Cory. During the Spring, 2001, Cox had another class with Cory.

16. Cox was involved with the European Studies Program, of which Cory was the Director. During her sophomore year, Cox became an intern with the European Studies Program. During the course of her internship, Cox had frequent personal and electronic contact with Cory. In the Spring, 2002, Cox had another class with Cory.

17. For her junior year, Cox moved to France and studied there under the auspices of the European Studies Program. Cory was a principal advisor of ox for this trip.

18. After her return from France, during the Fall, 2003, Cory, who was married, had Cox to his house, alone, ostensibly to write a summary of her trip and a grant proposal. After the dinner, instead of working on the summary and grant, Cory made a number of verbal and physical overtures of a sexual nature to Cox. Cory kissed Cox. Cox resisted and refused to engage in sex. Cory removed Cox's clothing. At one point, Cory held Cox down on his bed. Cory stated he just wanted sex from Cox for the next year and then they could go their separate ways.

## IV. FACTUAL ALLEGATIONS

14. Cox was admitted to the University of Arkansas at Fayetteville and began attending in the Fall, 2000. The University of Arkansas and its officers and employees had a fiduciary duty to Cox, that included protecting her from sexual harassment and sexual discrimination.

15. During the Fall, 2000, Cox had a class with Cory. During the Spring, 2001, Cox had another class with Cory.

16. Cox was involved with the European Studies Program, of which Cory was the Director. During her sophomore year, Cox became an intern with the European Studies Program. During the course of her internship, Cox had frequent personal and electronic contact with Cory. In the Spring, 2002, Cox had another class with Cory.

17. For her junior year, Cox moved to France and studied there under the auspices of the European Studies Program. Cory was a principal advisor of ox for this trip.

18. After her return from France, during the Fall, 2003, Cory, who was married, had Cox to his house, alone, ostensibly to write a summary of her trip and a grant proposal. After the dinner, instead of working on the summary and grant, Cory made a number of verbal and physical overtures of a sexual nature to Cox. Cory kissed Cox. Cox resisted and refused to engage in sex. Cory removed Cox's clothing. At one point, Cory held Cox down on his bed. Cory stated he just wanted sex from Cox for the next year and then they could go their separate ways.

19. Cory made a number of attempts to contact Cox during the Fall, 2002, which resulted in at least two meetings, which were emotionally distressing to Cox. Cox attempted to avoid Cory.

20. Cox reported the incidents to the University of Arkansas officials. Cox was told that Cory had engaged in this type of behavior with a number of other students in the past. Cox is not aware of any formal discipline taken against Cory for his actions.

21. As a result of Cory's inappropriate behavior, Cox became severely depressed and had to drop out of college. This series of events has also damaged Cox financially and has delayed her education.

22. Upon information and belief, Cory has engaged in similar behavior with other female students at the University of Arkansas over the years.

23. Upon information and belief, the University of Arkansas knew of Cory's continuing activities and did not investigate, discipline and/or stop Cory.

24. Upon information and belief, the University of Arkansas had and has policies and/or customs that tolerated, approved, condoned, and/or allowed such behavior by Cory.

25. As a direct and indirect result of the Defendants' acts and omissions, Cox suffered financial damage, educational delay, humiliation, shame, embarrassment, and her reputation was injured. She also suffered emotional and mental distress and anguish. She also suffered damages as a result of the violation of her federal and state civil and constitutional rights.

26. The allegations and factual contentions in support of this Complaint are likely to have additional evidentiary support after a reasonable opportunity for further investigation and discovery.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE RIGHT OF ASSOCIATION
### FIRST, NINTH, & FOURTEENTH AMENDMENTS
### UNITED STATES CONSTITUTION

For this cause of action against Defendants, concerning the acts and omissions of the Defendants, Cox alleges as follows:

27. By reference, Cox incorporates each and every allegation and averment set forth in paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. As a direct and proximate result of the above referenced intentional, malicious, oppressive, and unlawful actions and/or omissions of the Defendants, committed under the color of law, Cox's ability to freely associate with other people at the University of Arkansas was infringed and she suffered damages.

29. Accordingly, the Defendants are liable to Cox under Count I for damages and any and all other appropriate relief.

### COUNT II
### SEXUAL HARASSMENT & DISCRIMINATION
### EQUAL PROTECTION & DUE PROCESS
### NINTH & FOURTEENTH AMENDMENTS
### UNITED STATES CONSTITUTION

For this cause of action against Defendants, concerning the acts and omissions of the Defendants, Cox alleges as follows:

30. By reference, Cox incorporates each and every allegation and averment set forth in paragraphs 1 through 29 of this Amended Complaint as though fully set forth herein.

31. As a direct and proximate result of the above referenced intentional, malicious, oppressive, and unlawful actions and/or omissions of the Defendants, committed under the color of law, Cox suffered the sexual harassment and sexual discrimination and was deprived of her rights under the Ninth and Fourteenth Amendments to the United States Constitution, concerning equal protection of the law and due process of the law and she suffered damages.

32. Accordingly, the Defendants are liable to Cox under Count II for damages and any and all other appropriate relief.

## COUNT III
## SEXUAL HARASSMENT & DISCRIMINATION
## TITLE IX OF THE EDUCATION AMENDMENTS, 20 U.S.C. §§ 1681-86

For this cause of action against the Defendants, concerning the acts and omissions of the Defendants, Cox alleges as follows:

33. By reference, Johnson incorporates each and every allegation and averment set forth in paragraphs 1 through 32 of this Amended Complaint as though fully set forth herein.

34. As a direct and proximate result of the above referenced intentional, malicious, oppressive, and unlawful actions and/or omissions of the Defendants, committed under the color of law, Cox suffered sexual harassment and sexual discrimination and was deprived of her rights under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-86 and she suffered damages.

35. Accordingly, the Defendants are liable to Johnson under Count III for damages and any and all other appropriate relief.

## COUNT IV
## FAILURE TO COME TO THE AID
## 42 U.S.C. § 1983

For this cause of action against the Defendants, concerning the acts and omissions of the Defendants, Cox alleges as follows:

36. By reference, Cox incorporates each and every allegation and averment set forth in paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. As a direct and proximate result of the above referenced intentional, malicious, oppressive, and unlawful actions and/or omissions of the Defendants, committed under the color of law, for failing to aid Cox and prevent Cory from acting in the manner he did, Cox's rights were violated and she suffered damages.

38. Accordingly, the Defendants are liable to Cox under Count IV for damages and any and all other appropriate relief.

## COUNT V
## FAILURE TO PROPERLY TRAIN
## 42 U.S.C. 1983

For this cause of action against the Defendants, concerning the acts and omissions of the Defendants, Cox alleges as follows:

39. By reference, Cox incorporates each and every allegation and averment set forth in paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. As a direct and proximate result of the above referenced intentional, malicious, oppressive, and unlawful actions and/or omissions of the Defendants, committed under the color of law, for failing to properly train the Defendants, Cox's civil and constitutional rights were violated and she suffered damages.

41. Accordingly, the Defendants are liable to Cox under Count V for damages and any and all other appropriate relief. The Defendants should also be required to adequately train the Defendants who violated Cox's rights.

### COUNT VI
### FAILURE TO INVESTIGATE, DISCIPLINE, CORRECT OR SUPERVISE
### 42 U.S.C. 1983

For this cause of action against the Defendants, concerning the acts and omissions of the Defendants, Cox alleges as follows:

42. By reference, Cox incorporates each and every allegation and averment set forth in paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. As a direct and proximate result of the above referenced intentional, malicious, oppressive, and unlawful actions and/or omissions of the Defendants, committed under the color of law, the failure of the Defendants to investigate, discipline, correct, and or supervise the other Defendants, to include Cory, over the years, resulted in the violation of Cox's civil and constitutional rights and she suffered damages.

44. Accordingly, the Defendants are liable to Cox under Count VI for damages and any and all other appropriate relief. The Defendants should also be required to investigate and discipline the Defendants who violated Cox's rights.

### COUNT VII
### APPROVAL AND/OR RATIFICATION
### 42 U.S.C. § 1983

For this cause of action against the Defendants, concerning the acts and omissions of the Defendants, Cox alleges as follows:

45. By reference, Cox incorporates each and every allegation and averment set forth in paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46. As a direct and proximate result of the above referenced intentional, malicious, oppressive, and unlawful actions and/or omissions of the Defendants, committed under the color of law, the Defendants explicitly and/or implicitly approved and/or ratified the conduct of the other Defendants, resulting in the violation of Cox's civil and constitutional rights and she suffered damages.

47. Accordingly, the Defendants are liable to Cox under Count VII for damages and any and all other appropriate relief.

## COUNT VIII
## FAILURE TO CREATE/MAINTAIN PROPER FORMAL POLICIES & PROCEDURES
## 42 U.S.C. § 1983

For this cause of action against the Defendants, concerning the acts and omissions of the Defendants, Cox alleges as follows:

48. By reference, Cox incorporates each and every allegation and averment set forth in paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49. As a direct and proximate result of the above referenced intentional, malicious, oppressive, and unlawful actions and/or omissions of the Defendants, committed under the color of law, the Defendants failed to create and/or maintain adequate policies and procedures to prevent the violations of Cox's civil and constitutional rights and she suffered damages.

50. Accordingly, the Defendants are liable to Cox under Count VIII for damages and any and all other appropriate relief. The Defendants should also be required to enact adequate policies and procedures for the protection of the public.

## COUNT IX
## INADEQUATE POLICIES, PROCEDURES, CUSTOMS & USAGES
## 42 U.S.C. § 1983

For this cause of action against the Defendants, concerning the acts and omissions of the Defendants, Cox alleges as follows:

51. By reference, Cox incorporates each and every allegation and averment set forth in paragraphs 1 through 50 of this Amended Complaint as though fully set forth herein.

52. As a direct and proximate result of the above referenced intentional, malicious, oppressive, and unlawful actions and/or omissions of the Defendants, committed under the color of law, the Defendants tolerated, allowed, permitted, condoned, and/or approved of inadequate policies, procedures, customs, and/or usages that resulted in the violation of Cox's civil and/or constitutional rights and she suffered damages.

53. Accordingly, the Defendants are liable to Cox under Count IX for damages and any and all other appropriate relief. The Defendants should also be required to enact adequate policies and procedures for the protection of the public.

## COUNT X
## CONSPIRACY
## 42 U.S.C. 1985

For this cause of action against the Defendants, concerning the acts and omissions of the Defendants, Cox alleges as follows:

54. By reference, Cox incorporates each and every allegation and averment set forth in paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55. As a direct and proximate result of the above referenced intentional, malicious, oppressive, and unlawful conspiracy of the Defendants, committed under the color of law, and as

a result of the implicit and/or explicit agreement, cooperation, inaction, and/or approval concerning the actions of the Defendants in violation of Cox's civil and constitutional rights, the Defendants acts and/or omissions constituted a conspiracy, such that Cox suffered damages.

56. Accordingly, the Defendants are liable to Cox under Count X for damages and any and all other appropriate relief.

### COUNT XI
### SEXUAL HARASSMENT & DISCRIMINATION
### EQUAL PROTECTION & DUE PROCESS
### ARTICLE II, §§ 3, 13, 18, 21, AND 29 -- ARKANSAS CONSTITUTION

For this cause of action against the Defendants, concerning the acts and omissions of the Defendants, Cox alleges as follows:

57. By reference, Cox incorporates each and every allegation and averment set forth in paragraphs 1 through 56 of this Amended Complaint as though fully set forth herein.

58. As a direct and proximate result of the above referenced intentional, malicious, oppressive, and unlawful actions and/or omissions of the Defendants, committed under the color of law, Cox suffered the sexual harassment and sexual discrimination and was deprived of her rights under Articles 3, 8, 13, 18, 21, 29 of the Arkansas Constitution and Ark. Code Ann. § 16-123-105 and she suffered damages.

59. Accordingly, the Defendants are liable to Cox under Count XI for damages and any and all other appropriate relief.

### COUNT XII
### SEXUAL HARASSMENT & DISCRIMINATION
### ARK CODE ANN. § 16-123-107

For this cause of action against the Defendants, concerning the acts and omissions of the Defendants, Cox alleges as follows:

60. By reference, Cox incorporates each and every allegation and averment set forth in paragraphs 1 through 59 of this Amended Complaint as though fully set forth herein.

61. As a direct and proximate result of the above referenced intentional, malicious, oppressive, and unlawful actions and/or omissions of the Defendants, committed under the color of law, Cox suffered the sexual harassment and sexual discrimination and was deprived of her rights under Ark. Code Ann. § 16-123-107 and she suffered damages.

62. Accordingly, the Defendants are liable to Cox under Count XII for damages and any and all other appropriate relief.

## COUNT XIII
## TORT OF OUTRAGE

For this cause of action against the Defendant, Cory, concerning the intentional acts of Cory, Cox alleges as follows:

63. By reference, Cox incorporates each and every allegation and averment set forth in paragraphs 1 through 62 of this Complaint as though fully set forth herein.

64. As a direct and proximate result of the above referenced intentional, malicious, oppressive, and unlawful actions of the Defendant, Cox was subjected to unlawful outrageous conduct, such that her rights were violated and she suffered damages.

65. Accordingly, the Defendant is liable to Cox under Count XIII for damages and any and all other appropriate relief

## COUNT XIV
## TORT OF BATTERY

For this cause of action against the Defendant, Cory, concerning the acts and omissions of Cory, Cox alleges as follows:

66. By reference, Cox incorporates each and every allegation and averment set forth in paragraphs 1 through 65 of this Complaint as though fully set forth herein.

67. As a direct and proximate result of the above referenced intentional, malicious, oppressive, and unlawful actions of the Defendant, Cox was subjected to unlawful battery, such that her rights were violated and she suffered damages.

68. Accordingly, the Defendant is liable to Cox under Count XIV for damages and any and all other appropriate relief.

## COUNT XV
## TORT OF SEXUAL ABUSE

For this cause of action against the Defendant, Cory, concerning the acts and omissions of Cory, Cox alleges as follows:

69. By reference, Cox incorporates each and every allegation and averment set forth in paragraphs 1 through 68 of this Complaint as though fully set forth herein.

70. As a direct and proximate result of the above referenced intentional, malicious, oppressive, and unlawful actions of the Defendant, Cox was subjected to unlawful sexual abuse, such that her rights were violated and she suffered damages.

71. Accordingly, the Defendant is liable to Cox under Count XV for damages and any and all other appropriate relief.

## COUNT XVI
## BREACH OF FIDUCIARY DUTY

For this cause of action against the Defendants, concerning the acts and omissions of the Defendants, Cox alleges as follows:

72. By reference, Cox incorporates each and every allegation and averment set forth in paragraphs 1 through 71 of this Complaint as though fully set forth herein.

73. As a direct and proximate result of the above referenced intentional, malicious, oppressive, and unlawful actions of the Defendants, the Defendants breached their fiduciary duty to Cox, such that her rights were violated and she suffered damages.

74. Accordingly, the Defendant is liable to Cox under Count XVI for damages and any and all other appropriate relief.

## VI. CONCLUSION

WHEREFORE, the Plaintiff, Sarah Cox, respectfully prays that this honorable Court grant her the following relief:

75. Compensatory damages in the amount of $1,000,000;

76. Exemplary and punitive damages in the amount of $1,000,000;

77. Equitable relief in that an investigation and disciplinary action is ordered to be taken against the responsible Defendants;

78. Equitable relief in that the Defendants are ordered to attend and complete adequate training to prevent a reoccurrence of this type of incident;

79. Equitable relief in that the Defendants are ordered to create and maintain adequate policies and procedures to prevent a reoccurrence of this type of incident;

80. Attorney's fees, costs, and expenses for this cause of action; and

81. For any and all additional relief the Court deems just, fair, and proper.

82. The Plaintiff demands a trial by a jury.

SIGNED this 31st day of August, 2005.

Respectfully Submitted,

SARAH COX

By: _____
Robert L. Depper, Ark. Bar No.: 71046
Attorney & Counselor at Law
314 East Oak Street
El Dorado, AR 71730
Telephone: (870) 862-5505
Facsimile: (870) 862-7591

Attorney for the Plaintiff