IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SARAH COX                                                                      PLAINTIFF

V.                              CASE NO. 4-05-CV-01254 WRW

THE UNIVERSITY OF ARKANSAS; a subordinate entity of the
        State of Arkansas;
B. ALAN SUGG, President of the University of Arkansas,
        in his official and individual capacities;
JOHN A. WHITE, Chancellor of the University of Arkansas,
        in his official and individual capacities;
MARK CORY, Professor of the University of Arkansas,
        in his official and individual capacities; and various
JOHN DOES of the University of Arkansas, policy makers, supervisors,
        employees, and/or agents, in their official and individual capacities       DEFENDANTS

## BRIEF IN SUPPORT OF DEFENDANT MARK CORY'S MOTION TO DISMISS

Separate defendant, Mark Cory, by his attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., submits the following brief in support of his motion to dismiss.

### I.    INTRODUCTION

Plaintiff brings this case against The University of Arkansas; B. Alan Sugg, President of the University of Arkansas; John A. White, Chancellor of the University of Arkansas; and John Does of the University of Arkansas (hereafter collectively "University defendants") and Mark Cory ("Cory"), alleging that she was sexually harassed in violation of the United States Constitution, Title IX, the Arkansas Constitution, and the Arkansas Civil Rights Act, and that the complained of conduct was tortious under Arkansas law. Based on the facts alleged in the complaint, defendant Cory is entitled to have all the plaintiff's claims against him dismissed as a matter of law pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

928802.1

## II.   STANDARD FOR GRANTING A MOTION TO DISMISS

A complaint should be dismissed if, when the material allegations of the complaint are taken as true, the court concludes that the complaint does not, as a matter of law, set forth facts sufficient to state a claim upon which relief may be granted. *Mann v. Ark. State Medical Board*, Case No. 4:04-CV-1424 (E.D. Ark. 8/11/2005) (motion to dismiss granted where allegations of complaint not sufficient to establish malice necessary to overcome immunity).

In order to state a claim, plaintiff must allege facts showing that she is entitled to relief, rather than relying upon mere conclusions. *Springdale Educ. Ass'n v. Springdale School Dist.*, 133 F.3d 649, 657 (8th Cir. 1998) (summary accusation that school district violated plaintiff's rights insufficient--dismissal of § 1983 complaint upheld).

The courts have recognized that "dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activities." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (affirming dismissal of § 1983 due process claims). Although a court must assume that all facts alleged in the complaint are true when considering a motion to dismiss under Rule 12(b)(6), *see Doe v. Norwest Bank Minn., N.A.*, 107 F.3d 1297, 1303-04 (8th Cir. 1997), the court cannot "blindly accept the legal conclusions drawn by the pleader from the facts," *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990), and must "reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997).

## III.   ARGUMENT

### A.   COUNTS I–XII AND XVI ARE ASSERTED SOLELY AGAINST THE UNIVERSITY DEFENDANTS AND SHOULD BE DISMISSED AGAINST CORY.

In paragraph 12 of the complaint, defendant Cory is identified as a professor at the University of Arkansas.  Paragraphs 10, 11 and 13 of the complaint, which identify the other individuals named in the complaint, specifically allege that each "is sued in his official and individual capacities."  This allegation is absent from paragraph 12 of the complaint.

Additionally, Counts XIII (outrage), XIV (battery), and XV (sexual abuse) all specifically refer to Cory by name, while the other counts refer only generically to "the defendants." Therefore, it appears that plaintiff did not intend to bring any claims against defendant Cory other than Counts XIII, XIV and XV.

Whether plaintiff intended to assert individual claims against Cory or not, Counts I-XII and XVI of the complaint do not state claims against Cory.  Other than the tort claims listed in the preceding paragraph, the complaint simply does not contain any allegations concerning the capacity in which Cory is sued.  Accordingly, the Court must treat the claims in Counts I-XII and XVI as official-capacity claims. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."); *see also Artis v. Francis Howell North Band Booster Ass'n Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) (district court correctly dismissed the claim against individual not named in his personal capacity as redundant to the claim against the school district).

Thus, Counts I (Violation of Right of Association), II (Sexual Harassment and Discrimination - 9th and 14th Amendments), III (Sexual Harassment and Discrimination - Title IX), IV (Failure to Come to Aid - 42 U.S.C. § 1983), V (Failure to Properly Train - 42 U.S.C. § 1983), VI (Failure to Investigate, Discipline, Correct or Supervise - 42 U.S.C. § 1983), VII (Approval and/or Ratification - 42 U.S.C. § 1983), VIII (Failure to Create/Maintain Proper Formal Policies and Procedures - 42 U.S.C. § 1983), IX (Inadequate Policies, Procedures, Customs and Usages - 42 U.S.C. § 1983), X (Conspiracy - 42 U.S.C. 1985), XI (Sexual Harassment and Discrimination - ARK. CODE ANN. § 16-123-105), XII (sexual harassment and discrimination - ARK. CODE ANN. § 16-123-107) and XVI (breach of fiduciary duty) should be dismissed as to defendant Cory.

To the extent Counts I-XII and XVI are brought against Cory in his official capacities, Cory adopts the portion of the University defendants' brief which sets forth why these claims are barred by the Eleventh Amendment to the Constitution of the United States. To the extent that it is determined that Counts I-XII and XVI are brought against Cory in his individual capacity, Cory adopts the portion of the University defendants' brief setting forth why the claims are barred by qualified immunity.

## B.   COUNT I (VIOLATION OF RIGHT OF ASSOCIATION) FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Count I of plaintiff's complaint alleges that the "actions and/or omissions of the Defendants" "infringed" on "Cox's ability to freely associate with other people at the University of Arkansas," and "she suffered damages" (Complaint ¶ 28). The factual allegations contained in paragraphs 14-26 of the complaint contain not one factual allegation to support this bald conclusory statement and Count I should be dismissed as a matter of law. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (while well-pleaded factual allegations in the

complaint are assumed as true, the court "does not, however, blindly accept the legal conclusions drawn by the pleader from the facts").

### C.   COUNT II (SEXUAL HARASSMENT AND DISCRIMINATION, 9TH AND 14TH AMENDMENTS) FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff's allegations of inappropriate conduct contained in paragraphs 14-26, even if taken as true, fail to allege misconduct for which a constitutional remedy is available. These allegations do not amount to behavior that the Constitution prohibits. "Not every inappropriate or unwanted touching by a public official . . . can amount to the 'brutal and inhumane abuse of official power' necessary to demonstrate a violation of an individual's bodily integrity sufficient to support a constitutional violation." *Hawkins v. Holloway*, 316 F.3d 777, 785 (8th Cir. 2003) (*citing Moran v. Clarke*, 296 F.3d 638, 647 (8th Cir. 2002)). Here, plaintiff alleges one instance where "Cory made a number of verbal and physical overtures of a sexual nature to Cox," which included "Cory held Cox down on his bed" and "Cox resisted and refused to engage in sex." Plaintiff does not plead that the overtures were initially unwelcome, that after refusing to engage in sex that Cory persisted, or that Cory's overtures were accompanied by threats of official action if Cox rebuffed him. Rather, plaintiff alleges only that "Cory stated he just wanted sex from Cox for the next year and then they could go their separate ways." (Complaint ¶ 18). Indeed, there is no allegation that anything occurred during Cox's ensuing senior year as a result of her "refusal to participate in sex."

Even assuming for the sake of argument the plaintiff's allegations support a claim for battery or outrage under state law, the law is clear that § 1983 does not provide a remedy for every assault or battery that violates state law. *Collins v. City of Harker Heights*, 503 U.S. 115, 128 (stating that the Due Process Clause does not supplant state tort law); *Askew v. Millerd*, 191

F.3d 953, 958 (8th Cir. 1999) (§ 1983 does not provide a remedy for every assault or battery that violates state law). Therefore, as a matter of law, plaintiff has failed to state a claim upon which relief can be granted and Count II of the complaint should be dismissed.

**D.   COUNT III MUST BE DISMISSED BECAUSE TITLE IX DOES NOT PROVIDE A CAUSE OF ACTION AGAINST AN INDIVIDUAL.**

Count III of plaintiff's complaint must be dismissed as against defendant Cory as a matter of law because it fails to state a claim against Cory under Title IX.   It is well-recognized that school officials may not be sued in their individual capacity under Title IX. *Kinman v. Omaha Public Sch. Dist.*, 171 F.3d 607 (8th Cir. 1999), citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 730 (6th Cir. 1996) ("Only educational institutions may be found liable for Title IX violations.").

**E.   COUNTS IV-IX FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Counts IV through X (IV - failure to come to aid; V - failure to properly train; VI - failure to investigate, discipline, correct or supervise; VII - approval and/or ratification; VIII - failure to create/maintain proper formal policies and procedures; and IX - adequate policies, procedures, customs and usages) of the complaint must be dismissed because the complaint fails to allege any facts upon which these claims against defendant Cory could be based.

The complaint fails to allege facts establishing that defendant Cory was ever involved with the enforcement, approval or implementation of University policies and/or procedures as indicated in Counts IV through IX. It is well established that where "the allegations of a claim as a whole are conclusory and devoid of factual basis, dismissal pursuant to Rule 12(b)(6) is warranted." *Christian Pop. Party of Ark. v. Sec'y of State*, 650 F. Supp. 1205, 1214 (E.D. Ark. 1987).   Thus, Counts IV through X must be dismissed.

**F.      COUNT X (CONSPIRACY – 42 U.S.C. § 1985) FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

In the first instance, a civil conspiracy claim does not set forth an independent cause of action. It depends upon the establishment of an underlying constitutional violation. *Cook v. Tedros*, 312 F.3d 386, 389 (8th Cir. 2002); *Hanton v. School Dist. of Riverview Gardens*, 183 F.3d 799, 809 (8th Cir. 1999). For the reasons set forth in Sections B, C and E, *supra*, plaintiff's complaint fails to allege misconduct for which a constitutional remedy is available and otherwise contains only conclusory allegations devoid of any factual basis to establish a constitutional violation.

If a constitutional violation is established, to establish a civil rights conspiracy under 42 U.S.C. § 1985(3) plaintiff must prove four elements:  (1) that the defendants did "conspire," (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privilege and immunities under the laws," (3) that one or more of the conspirators did, or caused to be done, "any act in furtherance of the object of the conspiracy," and (4) that another person was injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States.  42 U.S.C. § 1985(3); *Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996). In this case, in a wholly conclusory manner, plaintiff merely alleges that "as a result of the implicit and/or explicit agreement, cooperation, inaction, and/or approval concerning the actions of the defendants in violation of Cox's rights, the defendants' acts and/or omissions constituted a conspiracy, such that Cox suffered damages." Complaint ¶ 55. These allegations are wholly inadequate to support a claim upon which relief may be granted under 42 U.S.C. § 1985(3). *Christian Pop. Party of Ark. v. Sec'y of State*, 650 F. Supp. 1205, 1214 (E.D. Ark. 1987) (where "no specific

facts tending to support the existence of any conspiracy are set out in the complaint," dismissal is appropriate under Rule 12(b)(6)).

Further, the parties identified by plaintiff in Paragraphs 10 through 13 of the Complaint as purported wrongdoers are identified as officers and/or employees of the University, and therefore, any conspiracy claim is barred under the intracorporate conspiracy doctrine, which allows employees of governmental entities to be shielded from constituting a conspiracy under § 1985. *Meyers v. Starke*, 420 F.3d 738, 742 (8th Cir. 2005).

G. **COUNT XI (ARKANSAS CIVIL RIGHTS ACT AND THE ARKANSAS CONSTITUTION) FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND IS BARRED BY SOVEREIGN IMMUNITY AND ARK. CODE ANN. § 19-10-305(a).**

To the extent plaintiff seeks relief pursuant to § 16-123-105 of the Arkansas Civil Rights Act for rights secured by Article II of the Arkansas Constitution, her complaint fails for the same reasons set forth in Sections C and E, *supra,* addressing plaintiff's § 1983 claims. ARK. CODE ANN. § 16-123-105(c) provides that "when construing this section, a court may look for guidance to state and federal decisions interpreting the Federal Civil Rights Act of 1871, as amended and codified in 42 U.S.C. § 1983 . . . ." There is no basis upon which to conclude that the Arkansas courts would elevate plaintiff's claims to the level of a violation of the Arkansas constitution given the federal court decisions under § 1983.

Further, to the extent that plaintiff brings this action against Cory in his official capacity, having failed to state that Cory is being sued in his individual capacity, it is a suit against the State and barred by Article V, Section 20 of the Arkansas Constitution and by ARK. CODE ANN. § 16-123-104, which provides that "[n]othing in this subchapter shall be construed to waive the sovereign immunity of the State of Arkansas." *See Brown v. Arkansas State HVACR Licensing Bd.*, 336 Ark. 34, 38 (1999). Even if the complaint had been properly brought against Cory in

his individual capacity, the suit is barred by ARK. CODE ANN. §19-10-305(a), which provides

immunity to employees of the State of Arkansas. (*Robinson v. Langdon*, 333 Ark. 662 (1998);

*Short v. Westark Community College*, 347 Ark. 497 (2002)). The applicability of ARK. CODE

ANN. § 19-10-305(a) is fully briefed at Section I, *infra*.

### H.   COUNT XII (VIOLATION OF § 16-123-107) FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND IS BARRED BY SOVEREIGN IMMUNITY AND ARK. CODE ANN. § 19-10-305(a).

None of the allegations in paragraphs 14-26 of the complaint provide a factual basis for a

claim for relief pursuant to ARK. CODE ANN. § 16-123-107, which prohibits discrimination based

on gender in employment, accommodation, property transaction, contractual transactions and

voting. Further, to the extent that the complaint states a claim for relief under ARK. CODE ANN.

§ 16-123-107, the claim is barred by sovereign immunity and ARK. CODE ANN. § 19-10-305(a)

for the reasons set forth in Section G, *supra,* and Section I, *infra*.

### I.   COUNTS XIII (OUTRAGE), XIV (BATTERY), XV (SEXUAL ABUSE) AND XVI (BREACH OF FIDUCIARY DUTY) ARE BARRED BY ARK. CODE ANN. § 19-10-305(a).

Arkansas statute § 19-10-305(a) provides: "[o]fficers and employees of the state of

Arkansas are immune from liability and from suit, except to the extent that they may be covered

by liability insurance, for damages for acts or omissions, other than malicious acts or omissions,

occurring within the course and scope of their employment." The relevant portions of the

complaint allege that defendant Cory was a professor at the University of Arkansas and that the

University of Arkansas is a "subordinate entity of the State of Arkansas" (Complaint ¶¶ 12 and

9); and that plaintiff was a fourth year student at the University of Arkansas (Complaint ¶¶ 14-

18). The complaint further alleges that Cory was acting within the scope of his employment,

specifically that he was "ultimately responsible for the instruction, teaching, advising,

supervision, administration and/or control of students at the University of Arkansas in Fayetteville, to include Cox," and that at the time of the alleged incident Cox was present at defendant Cory's home "ostensibly to write a summary of her trip [European Studies Program] and a grant proposal." Complaint ¶¶ 12 and 18. Thus, the complaint alleges Cory was a state employee and that he was acting within the course and scope of his employment. There is no allegation of insurance coverage.

All three of the tort counts for battery, sexual abuse[1] and outrage rely on the following factual allegations in the complaint. "After the dinner, instead of working on the summary and grant, Cory made a number of verbal and physical overtures of a sexual nature to Cox. Cory kissed Cox. Cox resisted and refused to engage in sex. Cory removed Cox's clothing. At one point Cory held Cox down on his bed. Cory stated he just wanted sex from Cox for the next year, and they could go their separate ways." Complaint ¶ 18. Cox has not alleged and cannot allege that Cory's conduct continued after Cox "resisted and refused" or that Cory's conduct was unwelcome and uninvited up until that point.

A plaintiff has the burden of showing malice on the part of the state actor to overcome the immunity defense. *See Fuqua v. Flowers*, 341 Ark. 901, 905 (Ark. 2000) ("thus, for a plaintiff to counter an assertion of sovereign immunity [under § 19-10-305(a)], he or she must allege sufficient facts in his or her complaint to support the claim of malicious conduct by the defendant.") Plaintiff's allegations contained in paragraphs 64, 67 and 70 are conclusiory and do not allege facts sufficient to support a claim of malicious conduct by defendant Cory.

Likewise, plaintiff's allegations in paragraph 18 fail to state facts sufficient to state a claim for an intentional tort for the same reasons stated above--Cox does not and cannot allege

---

[1] This assumes for the sake of argument that such a tort exists. The argument that there is no such tort in Arkansas is addressed in Section K, *infra.*

that any conduct of Cory was unwelcome or uninvited up until the point that she "resisted and

refused" or that any conduct occurred after she "resisted and refused."

Even assuming for the purposes of this motion that the material allegations of the

complaint are true, malice cannot be inferred from those facts and plaintiff has failed to allege

sufficient facts to overcome defendant Cory's statutory immunity; therefore, Counts XIII

(outrage), XIV (battery) and XV (sexual abuse) should be dismissed. *See Mann v. Arkansas*

*State Medical Board*, Case No. 4:04-CV-01424 (E.D. Ark. 8/11/2005) (motion to dismiss

granted where court found "there are no circumstances under which malice may be inferred from

the conduct alleged on the part of the individual Defendants.")

**J.     COUNT XIV (BATTERY) IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.**

Arkansas Code Annotated § 16-56-104(1)(A) provides that actions for assault and battery

must be brought within one year after the cause of action shall accrue.  The relevant portions of

the complaint assert that the actions which constitute the alleged battery occurred during the fall

of 2003.  Complaint ¶ 18.  Plaintiff filed this lawsuit on September 2, 2005.  More than two years

have passed since the commission of the alleged battery and, accordingly, this claim is time-

barred and must be dismissed as a matter of law pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure.

**K.     COUNT XV (SEXUAL ABUSE) FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

The Complaint alleges that:  "Cory kissed Cox"; "Cory removed Cox's clothing"; and

"at one point Cory held Cox down on his bed." Complaint ¶ 18.  Assuming for the purpose of

this motion that the conduct was uninvited and/or continued after plaintiff "resisted and refused,"

these allegations amount to an unwelcome and uninvited touching, which under Arkansas law,

constitutes assault and battery. *Costner v. Adams,* 82 Ark. App. 148 (2003) ("Battery is a wrongful or offensive physical contact with another through the intentional contact by the tortfeasor"). Further, because this claim is one for battery, it is barred by ARK. CODE ANN. § 16-56-104(1)(A), which limits the commencement of an assault and battery claim to one year from the date of accrual of the cause of action. According to plaintiff's Complaint, that date would be the fall of 2003, which is outside the time period for bringing this action. Plaintiff cannot avoid the one year statute for assault and battery by casting her claim as the "tort of sexual abuse" as no such tort has been recognized by the Arkansas courts.

**L.    COUNT XVI (BREACH OF FIDUCIARY DUTY) FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND IS BARRED BY SOVEREIGN IMMUNITY AND ARK. CODE ANN. § 19-10-305(a).**

Paragraph 14 of the complaint alleges "[t]he University of Arkansas and its officers and employees had a fiduciary duty to Cox, that included protecting her from sexual harassment and sexual discrimination." This claim fails to state a claim upon which relief may be granted because Arkansas law does not recognize that the relationship between a student and an educational institution or educator is of a fiduciary nature. *Key v. Coryell,* 2004 Ark. App. Lexis 425 (June 2, 2004) (relationship between student with special needs and school not of a fiduciary nature), relying upon *Cherepoki v. Walker,* 323 Ark. 43 (1996) (defendant priest did not owe a fiduciary duty to a parishioner); *Freeman v. Busch,* 349 F.3d 582, 587 (8th Cir. 2003) (no special relationship between a college and its students).

Further, to the extent that plaintiff brings this action against Cory in his official capacity, having failed to state that Cory is being sued in his individual capacity, it is a suit against the State and barred by the sovereign immunity clause of the Arkansas Constitution, Article V, Section 20. Even if the complaint had been properly brought against Cory in his individual

capacity, the suit is barred by ARK. CODE ANN. §19-10-305(a), which provides immunity to employees of the State of Arkansas. (*Robinson v. Langdon*, 333 Ark. 662 (1998); *Short v. Westark Community College*, 347 Ark. 497 (2002)). The applicability of ARK. CODE ANN. § 19-10-305(a) is fully briefed at Section I, *supra*.

## IV.   CONCLUSION

Based on the foregoing, dismissal is proper in favor of defendant Mark Cory on all counts.

Respectfully submitted,


/s/ Kathlyn Graves
Marshall Ney, Arkansas Bar No. 91108
Kathlyn Graves, Arkansas Bar No.   76045
Attorneys for Mark Cory

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201
Tel:  501-688-8800
Fax:  501-688-8807
E-mail:  kgraves@mwsgw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 2, 2005 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

- **Robert L. Depper, Jr**
  bdepper@cox-internet.com

- **Kathlyn Graves**
  kgraves@mwsgw.com cziege@mwsgw.com

- **William R. Kincaid**
  wkincaid@uark.edu harriman@uark.edu

- **William C. Plouffe, Jr**
  plouffelaw@lawyer.com

- **T. Scott Varady**
  svarady@uark.edu harriman@uark.edu

I hereby certify that on December 2, 2005 I mailed the document by United States Postal Service to the following non CM/ECF participants:

_____/s/ Kathlyn Graves_____

Kathlyn Graves
Arkansas Bar No.   76045
Attorneys for Mark Cory

MITCHELL, WILLIAMS, SELIG, GATES &
WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201
Phone: 501-688-8800
Fax: 501-688-8807
E-mail:  kgraves@mwsgw.com
